In the Matter of the Claim of GEORGE HOFFMAN, Respondent, against THE CROSBY COMPANY and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.

Third Department, November 13, 1930.

*Hart, Senior & Nichols* [*Raymond F. Nichols* of counsel], for the appellants.

*Hamilton Ward,* Attorney-General [*George S. Kelly, Deput*" *Assistant Attorney-General,* of counsel], for the respondents.

HILL, J. Claimant was injured October 1, 1929. The Industrial Board has determined that he suffered the loss of use of fifty per

cent of his right great toe, and has made a schedule award of nineteen weeks. He was compensated as for a temporary total disability from October 2, 1929, to November 18, 1929, a period of six and two-thirds weeks, and as for a permanent partial disability from November 18, 1929, to February 12, 1930, a period of twelve and one-third weeks. Thus he received compensation for the first week of his total disability at the rate of two-thirds of his average weekly wage, the maximum of twenty-five dollars a week provided by subdivision 6 of section 15 of the Workmen's Compensation Law (as amd. by Laws of 1927, chap. 558; since amd. by Laws of 1930, chap. 609) for temporary total disability being applied. Section 12 of the act (as amd. by Laws of 1924, chap. 318) provides that no allowance shall be made for the first week unless the " injury results in disability of more than forty-nine days." The appellants seek a determination that the disability mentioned in section 12 does not include the statutory disability assumed in connection with schedule awards, and that claimant was not entitled to be compensated for the first week of his temporary total disability. They do not question the Board's determination of nineteen weeks in the aggregate for the loss of use of fifty per cent of the toe, but they say that the first week of the temporary total disability should be excluded, and that the maximum of twenty-five dollars a week should be applied for five and two-thirds weeks only, and the maximum of twenty dollars a week for thirteen and one-third weeks, and that the award should be modified by deducting three dollars and four cents therefrom.

The Legislature has used " disability " in the act in describing the period arbitrarily fixed for schedule awards, and also in describing the length of time during which a claimant was actually unable to work. Had it been the intention that section 12 should apply only to actual disability as distinguished from statutory, the Legislature would have so stated. This claimant was entitled to an award for the first week of his temporary total disability, as the aggregate of his schedule disability was " more than forty-nine days."

The award should be unanimously affirmed, with costs to the State Industrial Board.

HINMAN, Acting P. J., DAVIS, WHITMYER and HASBROUCK, JJ., concur.

Award affirmed, with costs to the State Industrial Board.